UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NEEKO ORLANDO DANIELS, | Case No. 1:26-cv-00255-EPG |
| Plaintiff, | ORDER DENYING PLAINTIFF'S MOTION FOR EXTENSION OF TIME, MOTION TO CHANGE DEFENDANT'S NAME, AND MOTION FOR A THIRD PARTY TO RECEIVE COURT DOCUMENTS |
| v. | |
| CALIFORNIA DEPARTMENT OF CORRECTIONS AND REHABILITATION, | (ECF No. 5) |
| Defendant. | ORDER DIRECTING CLERK OF COURT TO UPDATE PLAINTIFF'S ADDRESS ON THE DOCKET AND ISSUE STANDARD NOTIFICATION TO CDCR TO PROVIDE PLAINTIFF'S TRUST FUND STATEMENT |

I.      INTRODUCTION

Plaintiff Neeko Orlando Daniels proceeds *pro se* in this lawsuit filed under 42 U.S.C. § 1983, which alleges violations of Plaintiff's constitutional rights in connection with his incarceration at Corcoran State Prison. (ECF No. 1).

On January 13, 2026, Plaintiff filed a motion for leave to proceed *in forma pauperis* (IFP). (ECF No. 2). Noting inconsistencies between Plaintiff's complaint, which listed a private address in Los Angeles, and Plaintiff's IFP application, which stated that he was incarcerated at Corcoran State Prison, the Court issued an order on January 14, 2026, directing Plaintiff to file a supplement stating his current mailing address, stating whether he is incarcerated, and if so, identifying the address where he is currently confined. (ECF No. 4, pp. 1-2). Additionally, the order directed the Clerk of Court to modify the docket to change Defendant's name from:

1

"California Department of Corrections and Rehabilitations" to "California Department of Corrections and Rehabilitation." (*Id.* at 2).

Plaintiff has timely responded to this order. (ECF No. 5). His filing consists of three motions: (1) a motion for extension of time; (2) a motion to change Defendant's name on the docket; and (3) a motion for a third party to receive court documents.

As explained below, the Court will deny each motion.

## II.    MOTIONS

### A.  Motion for Extension of Time

Plaintiff states that he is incarcerated at Mule Creek State Prison. (ECF No. 5, p. 5). And his motion for an extension of time generally indicates that he needs time to ensure mailings from the Court are properly processed by his prison:

> The Plaintiff needs time to notify the Mule Creek State Prison Staff to handle inmate legal mail promptly, documenting the date/time of receipt and delivery, which must occur in the inmate's presence incoming mail from courts is classified "Special Mail[,]" requiring expedited processing to ensure inmates receive timely notice of court dates. Key requirements and rules include; Special Handling Mail must be marked "Special Mail." Open only in the present of the inmate to receive expedited secure processing.

(*Id.* at 2).

The Court will deny this motion.

First, there are no deadlines pending in this case.[1]

Second, there is no indication that Plaintiff's institution of confinement requires notification from Plaintiff in order to implement their procedures regarding legal mail. In any event, Plaintiff is not represented by counsel in this case, and the Court's filings are not considered "legal mail," under the relevant legal standards. *Hayes v. Idaho Corr. Ctr.*, 849 F.3d 1204, 1211 (9th Cir. 2017) ("Mail from the courts, as contrasted to mail from a prisoner's lawyer, is not legal mail. Accordingly, the First Amendment does not prohibit opening such mail outside the recipient's presence.") (internal citation and quotation marks omitted).

\\\

---

[1] The Court has received Plaintiff's IFP motion and will issue an order on that motion after receiving additional information from Plaintiff's institution of confinement. If Plaintiff is granted permission to proceed IFP, the Court will proceed to screen Plaintiff's complaint.

### B.  Motion to Change Defendant's Name on the Docket

Plaintiff titles his filing, in part, "Motion to Change Defendant's Name FRCP 15(a)." (ECF No. 5, p. 1) (capitalization omitted). Beyond citing the Court's prior order—directing the Clerk of Court to modify the docket to change Defendant's name from: "California Department of Corrections and Rehabilitations" to "California Department of Corrections and Rehabilitation"—he does not offer any explanation for this request. (*Id.* at 5).

As the Clerk of Court has already followed the Court's direction to change Defendant's name on the docket, the Court will deny this motion as unnecessary.

### C.  Motion for a Third Party to Receive Court Documents

Although Plaintiff states that he is incarcerated at Mule Creek State Prison, he moves for the Court to send court documents "to a third party such as family member, Infiniti Chantel Bonet to assist with typing preparation as a part of a reasonable accommodation for Plaintiff disability." (ECF No. 5, p. 3). In support, he asserts that he is disabled and cites the Americans with Disabilities Act (ADA). Further, he states "[t]his will assist the Plaintiff in be[ing] able to have the Plaintiff[']s court documents typed" or else he "will need to hand write the court documents," which he asserts "will cause a[n] extreme physical disability for the Plaintiff to handwrite the court documents to file." (*Id.* at 6).

The Court will deny this motion. Plaintiff is representing himself *pro se* in this case and is not represented by any third party. The Court's Local Rules require *pro se* persons to keep the Court and parties "advised as to his or her current address." Local Rule 183(b). This is important so that Plaintiff may file documents directly with the Court and receive documents from the Court.

### III.   CONCLUSION AND ORDER

Accordingly, IT IS ORDERED as follows:

1. Plaintiff's (1) motion for extension of time; (2) motion to change Defendant's name on the docket, and (3) motion for a third party to receive court documents are denied. (ECF No. 5).

2. The Clerk of Court is directed to remove the Los Angeles address for Plaintiff that is currently listed on the docket and substitute the address he lists in his filing: "Plaintiff,

Neeko Orlando Daniels, CDCR Inmate number BI8098. Mule Creek State Prison, P.O Box 409099, Ione, California 95640-9099." (ECF No. 5, p. 2).[2]

3. Additionally, the Clerk of Court shall issue its standard notice on the docket, directing the California Department of Corrections and Rehabilitation to submit a certified prison trust account statement for Plaintiff to the Clerk's Office within 72 business hours of the notification.[3]

IT IS SO ORDERED.

Dated:    **February 13, 2026**          /s/ _Erica P. Grosjean_
                                          UNITED STATES MAGISTRATE JUDGE

---

[2] Plaintiff is advised that, under Local Rule 183(b), he "shall keep the Court and opposing parties advised as to his . . . current address." Failure to comply with this Rule or any Court order may result in sanctions, including the dismissal of this case.

[3] After the Court reviews Plaintiff's trust account statement, it will issue a further order on his pending IFP application. (ECF No. 2).

4