UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NEEKO ORLANDO DANIELS,<br><br>Plaintiff,<br><br>v.<br><br>CALIFORNIA DEPARTMENT OF CORRECTIONS AND REHABILITATION,<br><br>Defendant. | Case No. 1:26-cv-00255-EPG (PC)<br><br>ORDER TO ASSIGN DISTRICT JUDGE<br><br>FINDINGS AND RECOMMENDATIONS, RECOMMENDING THAT THIS ACTION BE DISMISSED WITH PREJUDICE FOR FAILURE TO STATE A CLAIM, FAILURE TO PROSECUTE, AND FAILURE TO COMPLY WITH A COURT ORDER<br><br>(ECF Nos. 1, 11).<br><br>OBJECTIONS, IF ANY, DUE WITHIN THIRTY DAYS |

Plaintiff Neeko Orlando Daniels is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action filed under 42 U.S.C. § 1983. (ECF Nos. 1, 10). He sues the California Department of Corrections and Rehabilitation (CDCR) for failing to protect him from being assaulted by other inmates.

On March 11, 2026, the Court screened the complaint and concluded that Plaintiff failed to state any cognizable claims. (ECF No. 11). The Court gave Plaintiff thirty days to file a first amended complaint or to notify the Court that he wanted to stand on his complaint. (*Id.* at 9). And the Court warned Plaintiff that "[f]ailure to comply with this order may result in the dismissal of this action." (*Id.*).

1

The deadline to respond to the screening order has expired, and Plaintiff has not filed an amended complaint or otherwise responded to the Court's order. Accordingly, for the reasons given below, the Court will recommend that Plaintiff's case be dismissed, with prejudice, for failure to state a claim, failure to prosecute, and failure to comply with a court order.

## I.   SCREENING REQUIREMENT

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint, or a portion of it, if the prisoner has raised claims that are frivolous or malicious, that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2). Additionally, as Plaintiff is proceeding *in forma pauperis* (ECF No. 10), the Court may screen the complaint on these same bases under 28 U.S.C. § 1915(e)(2)(B)(i)-(iii).

A complaint is required to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). A plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at 570). The mere possibility of misconduct falls short of meeting this plausibility standard. *Id.* at 679. While a plaintiff's allegations are taken as true, courts "are not required to indulge unwarranted inferences." *Doe I v. Wal-Mart Stores, Inc.*, 572 F.3d 677, 681 (9th Cir. 2009) (citation and internal quotation marks omitted). Additionally, a plaintiff's legal conclusions are not accepted as true. *Iqbal*, 556 U.S. at 678.

Pleadings of *pro se* plaintiffs "must be held to less stringent standards than formal pleadings drafted by lawyers." *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010) (holding that *pro se* complaints should continue to be liberally construed after *Iqbal*).

\\\

\\\

2

## II.   SUMMARY OF PLAINTIFF'S COMPLAINT[1]

Plaintiff names CDCR as the sole Defendant in this case. (ECF No. 1, p. 2). He alleges the following facts:

> On Tuesday, 01/23/24, the Plaintiff, Neeko Orlando Daniels inmate number B18098 was raped, sexually abused, sexually assaulted, sexually fondled, and sexually harassed by another inmate at Corcoran State Prison in Corcoran California. The California Department of Corrections and Rehabilitations Corcoran State Prison did not protect the Plaintiff from harm. The prison did not remove or transfer the Plaintiff to another prison location immediately. On 01/23/24, Plaintiff was also attacked physically by another inmate in a holding cell while handcuffed for an extended period of time, amounting to excessive force. The Defendant violated the Plaintiff's civil rights according to two Federal Laws, 42 U.S.C. Section 1983 and the Eighth Amendment of the United States Constitution protection for incarcerated individuals.

(*Id*. at 8).

Following this statement of facts, Plaintiff alleges two claims.

Claim One states that a person may bring a civil rights lawsuit "when government agencies abuse their authority to violate someone's fundamental civil rights under color of the law" and generally discusses the Prison Rape Elimination Act (PREA). (*Id.* at 8-9).

Claim Two discusses the Eighth Amendment's requirement that prison officials take reasonable steps to protect prisoners from assaults by their fellow prisoners and alleges as follows:

> Letters were written for the Plaintiff to the Corcoran State Prison Warden immediately by family members asking the Warden to protect the Plaintiff by moving the Plaintiff to a different prison near his terminally ill grandmother. Instead, the Plaintiff was moved to a California State Prison further from his terminally ill grandmother. The Plaintiff was not protected. The Plaintiff was moved to a prison cell after the rape and was beat up by a different inmate after being moved to a different cell.

(*Id.* at 9-10).[2]

Plaintiff attaches the referenced letters to his complaint along with prison grievance

---

[1] For readability, minor alterations, like omitting capitalization, have been made to some of Plaintiff's quotations without indicating each change.

[2] Plaintiff alleges that the Court has jurisdiction over this case under the Fair Credit Reporting Act (FCRA). (ECF No. 1, p. 7). However, because he alleges no facts implicating the FCRA, and does not list it as a claim, the Court will not further address it.

documents. (*Id.* at 12-20).

As for relief, Plaintiff seeks $10 million in monetary damages.

## III.   ANALYSIS OF PLAINTIFF'S COMPLAINT

### A.   PREA

Plaintiff's first claim refers to PREA, which one Court summarized as follows:

> Congress enacted the PREA to address the problem of prison rape by: "(1) developing national standards for the detection, prevention, reduction, and punishment of prison rape"; (2) applying such national standards to governmental agencies and departments that maintain correctional facilities; and (3) conditioning eligibility for federal grant money on compliance with such standards.

*Blair v. Herrera-Salazar*, No. 3:19-CV-01261-DMS-KSC, 2019 WL 13448296, at \*5 (S.D. Cal. Sept. 5, 2019) (citation omitted). PREA authorizes the Attorney General to "publish a final rule adopting national standards for the detection, prevention, reduction, and punishment of prison rape," and then allows the federal government to reduce funding to prisons covered by the statute unless the Attorney General receives proof of compliance with those standards. 34 U.S.C. § 30307.

However, nothing in the statute permits a private individual, such as Plaintiff, to file a private lawsuit to enforce PREA. For this reason, many courts have held that private individuals, like Plaintiff, cannot sue for violations of PREA. *Hasha v. Gamboa*, No. 1:24-CV-00744-SAB (PC), 2025 WL 553049, at \*3 (E.D. Cal. Feb. 19, 2025), *report and recommendation adopted*, 2025 WL 1718056 (E.D. Cal. June 20, 2025), *appeal dismissed*, No. 25-4227, 2025 WL 2895591 (9th Cir. Aug. 19, 2025) ("PREA does not create a private right of action for prisoners to sue based on a violation of PREAs terms."); *Martinez v. Scott*, No. CV 18-8133-PA (PJW), 2019 WL 4391133, at \*2 (C.D. Cal. June 12, 2019), *report and recommendation adopted*, 2019 WL 6825742 (C.D. Cal. Aug. 22, 2019) (concluding "that there is no private right of action under the PREA"); *Hatcher v. Harrington*, No. 14-00554 JMS/KSC, 2015 WL 474313, at \*5 (D. Haw. Feb. 5, 2015) ("Nothing in the PREA explicitly or implicitly suggests that Congress intended to create a private right of action for inmates to sue prison officials for noncompliance with the Act."). This is because a private right of action "to

enforce federal law must be created by Congress." *Alexander v. Sandoval*, 532 U.S. 275, 286 (2001).

Because PREA does not create a private right of action for prisoners, like Plaintiff, to sue under, Plaintiff's claim under PREA is subject to dismissal.

### B.      Failure to Protect

Plaintiff's complaint also brings an Eighth Amendment claim for cruel and unusual punishment based on a failure to protect him.

"The Constitution does not mandate comfortable prisons, but neither does it permit inhumane ones . . . . " *Farmer v. Brennan*, 511 U.S. 825, 832 (1994) (citation and quotation marks omitted). Among other things, the Eighth Amendment requires prison officials to "take reasonable measures to guarantee the safety of . . . inmates." *Id.* (citation omitted). "Being violently assaulted in prison is simply not part of the penalty that criminal offenders pay for their offenses against society." *Id.* at 834 (citation and quotation marks omitted). To establish a failure to protect claim, a prisoner must establish that prison officials were deliberately indifferent to a sufficiently serious threat to the prisoner's safety. *Id.* at 837.

"'Deliberate indifference' has both subjective and objective components." *Labatad v. Corr. Corp. of Am.*, 714 F.3d 1155, 1160 (9th Cir. 2013). The prisoner must show that "the official [knew] of and disregard[ed] an excessive risk to inmate . . . safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and [the official] must also draw the inference." *Farmer,* 511 U.S. at 837. "Liability may follow only if a prison official 'knows that inmates face a substantial risk of serious harm and disregards that risk by failing to take reasonable measures to abate it.'" *Labatad*, 714 F.3d at 1160 (quoting *Farmer,* 511 U.S. at 847). "[I]n order to satisfy the objective prong, it is enough for the inmate to demonstrate that he was exposed to a substantial risk of some range of serious harms; the harm he actually suffered need not have been the most likely result among this range of outcomes." *Lemire v. California Dep't of Corr. & Rehab.*, 726 F.3d 1062, 1076 (9th Cir. 2013).

Plaintiff's complaint fails to state a claim under these legal standards. Although Plaintiff

alleges that he was assaulted in prison, Plaintiff fails to allege facts showing that any individual person acted with deliberate indifference to his safety because he or she knew of an excessive risk to his safety and disregarded that risk by failing to take reasonable measures to abate it.

Plaintiff's complaint alleges that his family wrote letters to the Warden of Corcoran State Prison asking that Plaintiff be moved to be closer to his terminally ill grandmother. But Plaintiff does not name the Warden, or any other specific person, as a defendant in the case. Moreover, asking to be moved closer to Plaintiff's grandmother would not have notified the Warden, or any other prison official, there was an excessive risk to Plaintiff's safety that required that the prison take actions to protect Plaintiff from assault. Indeed, the complaint does not allege that any prison official had any reason to believe that Plaintiff would be assaulted.

Plaintiff thus fails to allege that any prison official violated Plaintiff's constitutional rights by failing to protect him from assault.

### C.    Improper Defendant

Plaintiff's complaint is also subject to dismissal because it only names CDCR as a defendant, rather than any individual prison official who Plaintiff believes violated his constitutional rights.

The CDCR is not a proper defendant under 1983. First, the CDCR is immune from such a claim because "[t]he Eleventh Amendment bars suits which seek either damages or injunctive relief against a state, 'an arm of the state,' its instrumentalities, or its agencies." *Franceschi v. Schwartz*, 57 F.3d 828, 831 (9th Cir. 1995); *Dittman v. California*, 191 F.3d 1020, 1025–26 (9th Cir. 1999) ("[t]he State of California has not waived its Eleventh Amendment immunity with respect to claims brought under § 1983 in federal court"); *Brown v. California Dep't of Corr.*, 554 F.3d 747, 752 (9th Cir. 2009) ("The district court correctly held that the California Department of Corrections and the California Board of Prison Terms were entitled to Eleventh Amendment immunity."); *Est. of Sumner v. California Dep't of Corr. & Rehab.*, No. 2:22-CV-01638-JAM-DB, 2023 WL 3304233, at *2 (E.D. Cal. May 8, 2023) ("CDCR did not waive, nor has Congress abrogated, its immunity under the Eleventh Amendment. In turn, the Eleventh Amendment unequivocally precludes Plaintiffs claims against CDCR. The Court therefore

finds Plaintiffs failed to state a plausible cause of action against CDCR and dismisses their claims accordingly."). Second, as noted above, § 1983 prohibits "persons" from violating another's Federal rights. However, "[s]tate agencies . . . are not 'persons' within the meaning of § 1983, and are therefore not amenable to suit under that statute." *Maldonado v. Harris*, 370 F.3d 945, 951 (9th Cir. 2004); *see Howlett By & Through Howlett v. Rose*, 496 U.S. 356, 365 (1990) ("[A]n entity with Eleventh Amendment immunity is not a 'person' within the meaning of § 1983."). Accordingly, "CDCR cannot be held liable under § 1983 as a matter of law." *Est. of Sumner*, 2023 WL 3304233, at *2 (concluding that CDCR was not a "person" within the meaning of § 1983).

In short, because CDCR is entitled to Eleventh Amendment immunity, and is not a "person" subject to suit under § 1983, it is not a proper defendant in this case and must be dismissed.

**IV.     FAILURE TO PROSECUTE AND COMPLY WITH COURT ORDER**

The Court will likewise recommend dismissal based on Plaintiff's failure to prosecute this case and failure to comply with the Court's screening order. (ECF No. 11).

> In determining whether to dismiss a[n] [action] for failure to prosecute or failure to comply with a court order, the Court must weigh the following factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to defendants/respondents; (4) the availability of less drastic alternatives; and (5) the public policy favoring disposition of cases on their merits.

*Pagtalunan v. Galaza*, 291 F.3d 639, 642 (9th Cir. 2002) (citing *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992)).

"'The public's interest in expeditious resolution of litigation always favors dismissal.'" *Id.* (quoting *Yourish v. California Amplifier*, 191 F.3d 983, 990 (9th Cir. 1999)). Therefore, the first factor weighs in favor of dismissal.

As to the Court's need to manage its docket, "[t]he trial judge is in the best position to determine whether the delay in a particular case interferes with docket management and the public interest. . . . It is incumbent upon the Court to manage its docket without being subject to routine noncompliance of litigants. . . ." *Id.* (citations omitted). Plaintiff has failed to respond to

the Court's screening order. (ECF No. 11). This failure to respond is delaying the case and interfering with docket management. Therefore, the second factor weighs in favor of dismissal.

Turning to the risk of prejudice, "pendency of a lawsuit is not sufficiently prejudicial in and of itself to warrant dismissal." *Pagtalunan*, 291 F.3d at 642 (citing *Yourish*, 191 F.3d at 991). However, "[u]nnecessary delay inherently increases the risk that witnesses' memories will fade and evidence will become stale," *id.* at 643, and it is Plaintiff's failure to comply with a court order and to prosecute this case that is causing delay. Therefore, the third factor weighs in favor of dismissal.

As for the availability of lesser sanctions, given that Plaintiff has chosen not to prosecute this action and has failed to comply with the Court's order, despite being warned of possible dismissal, there is little available to the Court which would constitute a satisfactory lesser sanction while protecting the Court from further unnecessary expenditure of its scarce resources. Considering Plaintiff's *in forma pauperis* status, it appears that monetary sanctions are of little use to prompt him to comply with future orders. And given the stage of these proceedings, the preclusion of evidence or witnesses is not available. Further, as noted above, Plaintiff has failed to state a claim or respond to the Court's screening order despite being given the relevant legal standards and the opportunity to file an amended complaint. Thus, the lack of any viable claim supports a dismissal with prejudice rather than a lesser sanction. Therefore, the fourth factor weighs in favor of dismissal.

Finally, because public policy favors disposition on the merits, this final factor weighs against dismissal. *Id.*

After weighing the factors, the Court concludes that dismissal with prejudice is appropriate.

## V.    ORDER, CONCLUSION, AND RECOMMENDATIONS

Accordingly, IT IS ORDERED that the Clerk of Court is directed to assign a District Judge to this case.

And, for the reasons given above, IT IS RECOMMENDED as follows:

1.    This action be dismissed, with prejudice, for failure to state a claim, failure to

prosecute, and failure to comply with a court order.

2.       The Clerk of Court be directed to close this case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(1). Within thirty (30) days after being served with these findings and recommendations, Plaintiff may file written objections with the Court. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any objections shall be limited to no more than fifteen (15) pages, including exhibits.

Plaintiff is advised that failure to file objections within the specified time may result in the waiver of rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

    Dated:    **April 27, 2026**                    /s/ _Erica P. Grosjean_
                                        UNITED STATES MAGISTRATE JUDGE